| | |
|---|---|
| 1 | LITTLER MENDELSON, P.C. |
| | AMY S. RAMSEY, Bar No. 315981 |
| 2 | aramsey@littler.com |
| | JESSICA S. KANG, Bar No. 273221 |
| 3 | jkang@littler.com |
| | 633 West 5th Street, 63rd Floor |
| 4 | Los Angeles, CA  90071 |
| | Telephone: 213.443.4300 |
| 5 | Facsimile:  213.443.4299 |
| 6 | Attorneys for Defendants |
| 7 | WAYFAIR INC. AND WAYFAIR LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KRISTI THOMAS, an individual, | Case No.   5:19-cv-1196 |
| Plaintiff, | **DEFENDANTS WAYFAIR INC. AND WAYFAIR LLC'S NOTICE TO FEDERAL COURT OF REMOVAL** |
| v. | |
| WAYFAIR INC.; WAYFAIR LLC; and DOES 1-50, Inclusive, | [28 U.S.C. §§ 1332, 1441, 1446] |
| Defendants. | Trial Date:  None |
| | State Court Complaint Filed: May 22, 2019 |
| | [Riverside County Superior Court Case No. RIC 1903017] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Wayfair Inc. and Wayfair LLC (collectively "Defendants") hereby remove the above-captioned matter filed in the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446.

Notice of Removal`

This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that it is a civil action wherein the amount in controversy for the named Plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

Defendants make the following allegations in support of removal:

**I.     PLEADINGS, PROCESS AND ORDERS**

1.     This lawsuit arises out of Plaintiff Kristi Thomas' ("Plaintiff") alleged employment with Defendants.

2.     On May 22, 2019, Plaintiff filed a complaint in the Superior Court of the State of California, Riverside County, entitled *KRISTI THOMAS, an individual; Plaintiff, vs. WAYFAIR INC.; WAYFAIR LLC and DOES 1 through 50, inclusive, Defendant,* designated as Case No. RIC1903017 (the "Complaint").

3.     The Complaint purports to assert the following causes of action: (1) wrongful termination [Gov't Code § 12940(a)]; (2); sex discrimination [Gov't Code § 12940(a)]; (3) retaliation [Gov't Code § 12940(h)]; (4) failure to prevent discrimination [Gov't Code § 12940(k)]; and, (5) wrongful termination and retaliation [Labor Code § 1102.5]. *See* Declaration of Jessica S. Kang ("Kang Decl."), ¶ 2, Ex. 1.

4.     The entity that employed Plaintiff was Wayfair LLC. *See* Declaration of Amy Strebel in Support of Removal ("Strebel Decl.") ¶ 3.

5.     The Complaint also names as defendants "DOES 1 through 50 inclusive." Defendants are informed and believe, and on that basis allege, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). 28 U.S.C. § 1441(b).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Notice of Removal                               2.

6. On May 29, 2019, Defendants' registered agents received the summons and Complaint via process server. At the same time, they received copies of the Civil Case Cover Sheet and Alternative Dispute Resolution information. *See* Kang Decl. ¶¶ 3, Exs. 2 and 3. On June 27, 2019, Defendants filed their Answer to Plaintiff's Complaint in state court. *Id.* ¶ 5, Ex. 4.

7. No other documents have been served upon Defendant at this time in the State Court action. *See* Kang Decl. ¶ 4.

8. As of the date of this Notice of Removal, no other parties have been named/served with the Summons and Complaint in this action. *Id.*

## II. TIMELINESS OF REMOVAL

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and (c), as it is being filed within thirty days of service of the Complaint on Defendants on May 29, 2019, and within one year after commencement of this action.

## III. JURISDICTION AND VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this action originally was filed and is pending in the Superior Court of the State of California for Riverside County.

11. As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## IV. DIVERSITY OF THE PARTIES

### A. Plaintiff Is A Citizen Of California.

12. To establish citizenship for diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); see *also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed). A person's domicile is

the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13. Plaintiff alleges in the Complaint that, at all relevant times, she was an individual residing in California, county of Riverside. Complaint ¶ 5. Furthermore, Plaintiff's last known address on file with Wayfair LLC is located in California. *See* Strebel Decl. ¶ 3. During her employment with Wayfair LLC, which spanned from April 16, 2018 to February 7, 2019, Plaintiff lived, worked, and was physically present in California, thus demonstrating an intent to remain in California by residing and working in California for almost four years. *See* Strebel Decl. ¶ 3. Accordingly, **<u>Plaintiff is a citizen of California, County of Riverside</u>** for purposes of analyzing diversity jurisdiction.

**B.     Defendants Are Citizens Of Delaware And Massachusetts.**

14. For diversity purposes, a limited liability company's citizenship is determined based on the citizenship of each member of the company. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899. Wayfair LLC was formed in the state of Delaware.

15. The sole member of Wayfair LLC is SK Retail, Inc. As a corporation, SK Retail, Inc. is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

16. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*; *see also Brietman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (using the "nerve center" test, corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

17.     SK Retail, Inc. is incorporated in the State of Massachusetts. SK Retail, Inc.'s headquarters and corporate offices are located in Boston, Massachusetts, which is where it performs most if its executive and administrative functions. *See* RJN, Ex. A. Nearly all of the corporate decisions of SK Retail, Inc., including operational, executive, administrative, and policymaking decisions are made from SK Retail, Inc.'s Boston, Massachusetts. *Id*. SK Retail, Inc.'s management and administrative functions are located in Boston, Massachusetts, including human resources, finance, treasury, legal, payroll, and safety. *Id*. Hence, SK Retail, Inc.'s "nerve center," and thus, its principal place of business, is located in Boston, Massachusetts. *Hertz*, 559 U.S. at 92-93. SK Retail, Inc. is, therefore, a citizen of Boston, Massachusetts.

18.     Because Wayfair LLC's sole member is a citizen of Delaware and Boston, Massachusetts, **Defendant Wayfair LLC is a citizen of Delaware and Massachusetts**.

19.     As a corporation, Wayfair Inc. is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Wayfair Inc. is incorporated in the State of Delaware. *See* Request for Judicial Notice ("RJN"), Ex. A.

20.     Wayfair Inc.'s "nerve center" and principle place of business are located in Boston, Massachusetts. Wayfair Inc.'s headquarters and corporate offices are located in Boston, Massachusetts, which is where it performs most if its executive and administrative functions. *See* RJN, Ex. A. Nearly all of the corporate decisions of Wayfair Inc., including operational, executive, administrative, and policymaking decisions are made from Wayfair Inc.'s Boston, Massachusetts. *Id*. Wayfair Inc.'s management and administrative functions are located in Boston, Massachusetts, including human resources, finance, treasury, legal, payroll, and safety. *Id*. Hence, Wayfair Inc.'s "nerve center," and thus, its principal place of business, is located in Boston, Massachusetts. *Hertz*, 559 U.S. at 92-93. Wayfair Inc. is, therefore, not a

citizen of the state in which this action is pending and is, in fact, a citizen of a different state than that of Plaintiff.

21. **<u>Defendant Wayfair Inc. is a citizen of Delaware and Massachusetts</u>**.

C. **The Citizenship Of The Doe Defendants Is Disregarded For Diversity Purposes.**

22. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(b)(1).

23. Does 1 through 50 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

D. **Complete Diversity Of Citizenship Exists.**

24. Because Plaintiff is a citizen of California and Defendants are citizens of Delaware and Massachusetts, complete diversity of citizenship exists here and this element of the Court's original jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a).

V. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

25. Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendant in this action. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)

26. In a recent decision by United States District Court for the Central District of California, the Court affirmed that the removing party does not need to prove actual

Notice of Removal 6.

facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *2 (C.D. Cal. March 3, 2015) (*citing Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)). Moreover, Defendants need not submit evidence to support their notice of removal. *Dart Cherokee*, 135 S. Ct. at 553. Defendants need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

27. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's Complaint, and not how much, if anything, the Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

28. Although Defendants deny the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000.00, exclusive of interest and costs, as set forth below:

### A. Lost and Unpaid Wages

29. Should Plaintiff prevail on her wrongful termination, retaliation and/or sex discrimination claim, she potentially could recover lost wages and benefits through the date of trial. CAL. LAB. CODE § 6310(b).

30. Plaintiff has placed lost wages in controversy. Plaintiff's Complaint asserts five separate causes of action arising out of the termination of her employment. With respect to each, she alleges that she has suffered "[a] substantial reduction in past and current income and future income potential," and "suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits." Complaint ¶¶ 32, 41, 49, 63. Likewise, the Prayer for Relief seeks compensatory damages including "general damages," and "loss of earning." Complaint, "Prayer for Relief" ¶¶ A, C.

31. If Plaintiff prevails on her retaliation, wrongful termination and/or discrimination claims, she potentially could recover the amount she would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970). *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 U.S. Dist. LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

32. At the time Plaintiff's employment ended on February 7, 2019, she earned an annual salary of $75,000. *See* Strebel Decl. ¶ 6. If she were to recover back wages from February 7, 2019 to the present (20 weeks), those wages would total $28,846.15 (($75,000/52 weeks in a year)*20 weeks). Moreover, if the case proceeds to trial in May 2020 – a year from when Defendants were served – and Plaintiff remains unemployed, she could seek a total of about 68 weeks of lost wages, or **$98,076.92** (($75,000/52 weeks in a year)*68 weeks).

33.     In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional **$225,000** ($75,000/year *x* 3 years).

34.     Accordingly, Plaintiff could recover **$225,000** in both back pay and front pay.

**B. Emotional Distress Damages**

35.     Plaintiff alleges that, as a result of Defendant's alleged unlawful conduct, she has suffered, *inter alia*, "extreme humiliation, embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish, loss of enjoyment of life and other losses. Complaint ¶¶ 32(c), 41(c), 50, 57, 64. Likewise, her Prayer for Relief seeks compensatory damages for general damages. Complaint, "Prayer for Relief" ¶ A. Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

36.     In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000.00 to her claim" was not clearly erroneous, where she had only $55,000.00 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on the conservative

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Notice of Removal                                    9.

estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000.00** to the amount in controversy.

### C. Punitive Damages

37. Plaintiff also alleges that she is allegedly entitled to punitive damages. Complaint, "Prayer for Relief" ¶ E. Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." CAL. CIV. CODE § 2394(a). Punitive damages may be included in calculating the amount in controversy. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). A single-digit ratio (*i.e.*, no more than nine-to-one) is typically appropriate for an award of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

38. For instance, in *Wysinger v. Auto. Club of S. Cal.*, the Court upheld punitive damages of $1 million in a similar discrimination/retaliation case, where the compensatory damages were $280,000.00. 157 Cal. App. 4th 413 (2007). There, the court held that the punitive damages award was supported by evidence that plaintiff's supervisor acted in a "callous and retaliatory" manner, including making offensive comments about age, and the employer denied the plaintiff a transfer after he made a protected FAC. *Id.* at 428. The Court noted that the $1 million punitive damages award was less than four times the amount of compensatory damages, and, as such, "falls within the range of multipliers that are commonly used to achieve the goals of punitive damages." *Id.* at 429.

39. Here, the amount in controversy on the punitive damages component of Plaintiff's claims can be measured as a multiple of the amount in controversy on her claims for lost or unpaid wages and benefits, which is approximately $225,000, as set forth above. Thus, without conceding that such (or any) an award is warranted, the amount in controversy on the punitive damages component of Plaintiff's claims is anywhere between **$225,000** (a multiple of 1) and **$2,025,000** (a multiple of 9). Using

a multiple of four (4) as a midway point, like the Court in *Wysinger*, would result in punitive damages totaling approximately **$900,000**.

### D. Attorneys' Fees

40. Plaintiff's Complaint also includes a claim for attorney's fees. Complaint ¶¶ 33, 42, 51, 58 and "Prayer for Relief" ¶ G. Attorneys' fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

41. The bulk of Plaintiff's Complaint alleges violations of the Fair Employment and Housing Act, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV. CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting "attorneys' fees in individual discrimination cases often exceed the damages"). The estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.*

42. "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso*, 2015 WL 898468 at *6 (citations omitted). Thus, Plaintiff's demand for attorneys' fees adds at least **$30,000.00** to the amount in controversy. A $30,000.00 estimate is exceedingly conservative. *See, e.g. Wysinger*, 157 Cal. App. 4th at 430-31 (upholding award of $978,791.00 for age discrimination/retaliation case that went to trial).

43. Consequently, a preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Notice of Removal         11.

## VI. NOTICE TO STATE COURT AND PLAINTIFF

44. As required by 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this Notice of Removal to Brandon J. Sweeney, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Riverside County.

## VII. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendants remove this action from the Superior Court of Riverside County, California, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: June 27, 2019          LITTLER MENDELSON, P.C.

By: /s/ Jessica S. Kang
AMY S. RAMSEY
JESSICA S. KANG
Attorneys for Defendants
WAYFAIR INC. AND WAYFAIR LLC

FIRMWIDE:164807598.2 099173.1014
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Notice of Removal                              12.